# CIRCUIT COURT OF THE CITY OF NORFOLK

Cynthia Talbot

v.

Oxfordshire, L.L.C., et al.

January 3, 2011

Case No. (Civil) CL10-3893

BY JUDGE MARY JANE HALL

This matter comes before the Court on the Motions to Drop Pursuant to Virginia Code § 8.01-5 filed by defendants Hanover Insurance Company, Citizens Insurance Company, and Fireman's Fund Insurance Company (collectively, the "liability carriers"). The Court heard oral argument on these motions on December 15, 2010. For the reasons set forth herein, the motions are granted.

The many cases pending in this Court relating to the importation, sale, and installation of allegedly defective Chinese drywall have previously been consolidated for pretrial purposes pursuant to the Multiple Claimant Litigation Act■ The first eleven counts of the Complaint by Plaintiff Talbot in the instant matter are substantially identical to the many other complaints in these consolidated cases and include breach of contract, breach of warranties, negligence, negligence *per se,* unjust enrichment, private nuisance, and violations of Virginia's Consumer Protection Act. The Complaint also includes, however, a Count XII against the liability carriers seeking a declaration that they are liable to provide insurance coverage to Defendants Porter-Blaine and Venture Supply. Plaintiff filed on November 19, 2010, a motion for partial summary judgment as to the liability carriers, seeking a determination that the carriers have a duty to defend and to indemnify Porter-Blaine and Venture Supply for the claims asserted against them relating to the Chinese drywall.

The liability carriers move to drop for misjoinder, arguing that (i) the claims against them have no relationship to the claims against the remaining defendants and do not arise out of the same transaction or occurrence, and

(ii) they have been impermissibly joined in violation of Va. Code § 8.01-5(B), which forbids including a liability insurance carrier as a party in a suit against the carrier's insured. Porter-Blaine and Venture Supply join in the motion. Misjoined claims (as contrasted with misjoined parties) may be severed pursuant to Va. Code §§ 8.01-272 and 8.01-281. *See Fox v. Deese*, 234 Va. 412 (1987). Plaintiff's counsel did not request severance of Count XII as an alternative to dropping the liability carriers. If Plaintiff wishes to be heard on severance rather than dropping, counsel should present that request before the expiration of twenty-one days from entry of the order.

In opposition to the motion, Plaintiff relies on Va. Code § 8.01-5(A), which authorizes the Court to drop misjoined parties from litigation "at any time as the ends of justice may require." Plaintiff argues that the Court has the authority to permit the Defendants to remain in this litigation by the "ends of justice" provision because of the complex nature of this multiple claimant litigation and the efficiency that will be gained if the Court retains all of the related matters, including the insurance coverage issues, in the same court. Plaintiff's counsel candidly conceded that they seek to keep the coverage claims part of the liability cases because the liability carriers will remove the matters to federal court if the declaratory judgment actions are filed separately. Counsel suggests that the Court could retain jurisdiction in order to decide the coverage issue and thereafter drop the liability carriers, because Va. Code § 8.01-5(A) does not prescribe the time for dropping an improperly-joined party.

This motion, however, does not arise only under Va. Code § 8.01-5(A) but also under subsection (B) of the statute:

> Nothing in this section shall be construed to permit the joinder of any insurance company on account of the issuance to any party to a cause of any policy or contract of liability insurance, or on account of the issuance by any such company of any policy or contract of liability insurance for the benefit of or that will inure to the benefit of any party to any cause.

While subsection (A) authorizes the Court to drop a misjoined party "at any time as the ends of justice may require," subsection (B) does not permit the insurance company to be joined at all. Plaintiff asks the Court to join the company to this litigation long enough to get the coverage issue adjudicated, but that action appears to be clearly prohibited by the statute. The Court finds no case law to suggest that a different result should follow where the cases have been consolidated for multiple claimant litigation.

The motions of the liability carriers are granted.